UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:18-CR-153-KKC

UNITED STATES OF AMERICA,                                                                                PLAINTIFF,

V.                          **RECOMMENDED DISPOSITION**

DAARON EDWARD KING,                                                          DEFENDANT.

The defendant appeared before the undersigned for a final revocation hearing on charges of violating supervised release. At the final hearing, the defendant was present and represented by counsel. He expressed his desire to stipulate to violations 1 and 2. As a result, the Defendant was placed under oath and advised of all applicable rights, including the right to remain silent, to the assistance of counsel, and to a final hearing. In addition, he was advised of the charges against him and all possible penalties, including the recommended guideline range and the applicable statutory punishment. Then, in the presence of and with the advice of counsel, he admitted to committing the following violation conduct:

On May 23, 2025, King operated a motor vehicle while under the influence of alcohol, in violation of state law, in Estill County Kentucky. He was arrested and taken into custody at that time. When asked if he had been drinking any alcoholic beverage, King admitted he drank "about five beers." King failed a field sobriety test, and a breathalyzer reported that King had a blood alcohol level of .21., indicating that he was intoxicated. He was charged with DUI under Kentucky law. As a result, it is established by a preponderance of the evidence that King violated the following conditions as charged in a knowing, intelligent, and voluntary way:

> **Violation #1, Mandatory Condition #1: You must not commit another federal, state, or local crime. This is a Grade C Violation**.

1

**Violation #2, Special Condition #1: You must abstain from the use of alcohol. This is a Grade C Violation**.

Relative to the penalty, the United States, King and his attorney ask that he be allowed to continue supervision, with no revocation for these violations. In support of the request, the United States and King, through counsel, state that while incarcerated and since released King has made good use of the opportunities to experience personal growth and development, including participating in the R-Dap program, serving as a model inmate, taking classes at a community college, and working now that he has been released. He describes his efforts to rebuild a positive relationship with his child, which is a significant motivator in his rehabilitation. He has performed well on supervision until this recent incident, and waisted no time in taking responsibility for his own violation conduct. He makes no excuses.

## SENTENCING CONSIDERATIONS

The defendant has a criminal history category of IV. Much of his past violation conduct arises from substance abuse. However, his history demonstrates an ability to avoid substance abuse when sufficiently motivated. For example, for a period of five years between 2013 and 2018, King had no violations of the law, which he attributes to his efforts to build and maintain a relationship with his child. However, the record does reflect that the use/abuse of substances, including alcohol, poses some challenge for him.

In fashioning a recommendation, the Court considers the information above. In addition, the Court considers King's own statements. To satisfy the considerations of the controlling statute, the undersigned believes that King should not be revoked, but that he should be allowed to continue supervision with an additional requirement that he continue in an active program of counseling or treatment, in a program to be approved by his supervising probation officer. Although this sentence

represents a recommendation below the sentencing guidelines of six to twelve months of incarceration, this recommendation is calculated to recommend an outcome that recognizes the nature of the defendant's criminal history, his prior conviction in this case, the short time he was on release prior to the present violation conduct, his prompt and full acceptance of responsibility and his efforts to comply with the terms of supervision.  Therefore, this recommendation is considered sufficient to act as a deterrent to future criminal conduct and protect the public from further crimes that he might be inclined to commit.

## **CONCLUSION**

As previously stated, that facts upon which the Court recommends finding that the Defendant committed the charged violations has been established by his own admission and therefore have been proven by a preponderance of the evidence. Therefore,

IT IS RECOMMENDED:

(1) That the Defendant be found guilty of Violations 1 and 2.

(2) That King be continued on supervision, with a requirement that he continue with a program of substance abuse counseling and/or treatment in a manner approved by his supervising officer.

(3) That upon a waiver filed into the record **WITHIN FOURTEEN DAYS** evidencing a knowing, intelligent and voluntary relinquishment of his right of allocution in this action, judgment should be imposed.  Absent any waiver being filed as directed herein, the matter should be scheduled for a final hearing for purposes of allocution and sentencing before the presiding Judge.

Finally, specific objections to this Report and Recommendation must be filed within **FOURTEEN BUSINESS DAYS** from the date of service thereof or further appeal is waived. United States v. Campbell, 261 F.3d 628, 632 (6th Cir. 2001); Bituminous Cas. Corp. v. Combs Contracting Inc., 236 F. Supp. 2d 737, 749, 50 (E.D. Ky. 2002). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004); Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).

Signed June 25, 2025.



Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge